## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| SAINT PAUL UNITED METHODIST CHURCH , | ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number: |
| vs. | ) ) ) | 3:11CV873-WKW |
| GULF STATES CONFERENCE ASSOCIATION OF SEVENTH-DAY ADVENTISTS, INC. d/b/a CAMP ALAMISCO , | ) ) ) ) ) | |
| Defendant. | ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Saint Paul United Methodist Church ("St. Paul UMC"), and as its Complaint for Declaratory Judgment against Defendant Gulf States Conference Association of Seventh-Day Adventists, Inc. d/b/a Camp Alamisco ("Camp Alamisco"), alleges, states and avers:

### JURISDICTION AND VENUE

1.    Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2.    Plaintiff St. Paul UMC is a non-profit corporation, organized under the laws of the State of Georgia, with its principal place of business in Columbus, Georgia.

3.     Defendant Camp Alamisco is a foreign non-profit corporation organized under the laws of Mississippi, with is principal place of business in Montgomery, Alabama.

4.     Plaintiff St. Paul UMC brings this action to obtain a declaratory judgment finding that St. Paul UMC has no duty to defend or indemnify Camp Alamisco in connection with a claim filed by an injured third-party, as a result of alleged negligent/wanton conduct of Camp Alamisco's employee. ("Underlying Claim).

5.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between St. Paul UMC and Defendant Camp Alamisco , and (b) the amount of controversy, including the potential costs of both defending and indemnifying Camp Alamisco in the Underlying Claim, exceeds $75,000.

6.     Venue is appropriate under 28 U.S.C. § 1391 because Camp Alamisco's principal place of business is in the Middle District of Alabama, and many of the acts from which the Underlying Claim originate, *i.e.*, the contract at issue and the alleged injury to the third party plaintiff, occurred in the Middle District of Alabama.

## FACTUAL BACKGROUND

7.    On or about May 20, 2010, St. Paul UMC entered into a Camp User

Rental Agreement ("Rental Agreement"), whereby Camp Alamisco agreed to

provide the use and services of its camp premises and equipment to St. Paul UMC

for the purposes of a providing camping and retreat facilities for summer camp, for

St. Paul UMC members.  The dates of agreed service were from July 18, 2010, to

July 23, 2010.  A true and correct copy of the Rental Agreement is attached hereto

as **Exhibit A**.

8.    Per the Rental Agreement, Camp Alamisco agreed to "provide"

certain selected activities to St. Paul UMC, including specifically, "Wave

Running."

9.    Personnel was provided by Camp Alamisco for operation of the Wave

Running activity, and operation of the wave runners was exclusive to Camp

Alamisco employees.

## INSURANCE AND INDEMNITY PROVISIONS

10.    The Camp Use Rental Agreement contains the following provisions

relating to Insurance and Indemnification:

3

## INSURANCE

User (at its expense) agrees to acquire and keep in full force during its use of the premises, comprehensive public liability and property damage insurance covering any and all claims for injuries to persons or property occurring in, upon or about the premises during user's occupancy or use. User shall furnish a complete copy of the insurance policy to Camp Alamisco.

## INDEMNIFICATION

User agrees to indemnify and hold Gulf States Association of Seventh-day Adventists (or any of its employees, agents or officers) harmless against claims and liability of any kind (including any attorney fees and costs) arising out of injury or death to any person or persons or damage to any property occurring, in, upon or about the premises during user's occupancy or use.

## UNDERLYING CLAIM

11.     On July 19, 2010, claimant Jenna Hackaday ("Hackaday"), then age 21, was injured while riding as the rear passenger on a three (3) seated, Sea-Doo personal water craft ("PWC") at Camp Alamisco on Lake Martin in Dadeville, Alabama.

12.     Hackaday was member of St. Paul UMC; a volunteer counselor on behalf of St. Paul UMC; and was a participant in the Camp Alamisco summer retreat.

4

13. All PWCs were operated exclusively by Camp Alamisco employees. Specifically, the PWC on which Hackaday was injured was being operated by Camp Alamisco employee, Melissa Leffler ("Leffler").

14. While riding, Hackaday was significantly and severely injured when she fell from the rear of the PWC, after Leffler maneuvered the PWC in such a manner as to intentionally throw Hackaday and its other passenger from the PWC.

15. Specifically, Hackaday suffered significant internal bodily injuries from the violent thrust of air and water from the PWC's jet-propulsion system into both her vaginal and rectal cavities, which purportedly caused, among other injures, rupture to one of Leffler's ovaries and tear injuries to her rectum.

16. The PWC contains the following information on the Warning Label located on the vessel:

> **WEAR PROTECTIVE CLOTHING.** Severe internal injuries can occur if water is forced into body cavities as a result of falling into water or being near jet thrust nozzle. Normal swimwear does not adequately protect against forceful water entry into lower body opening(s) of males or females. All riders must wear a wetsuit bottom or clothing that provides equivalent protection (see Operator's Guide).
>
> . . .
>
> **RIDE WITHIN YOUR LIMITS AND AVOID AGGRESSIVE MANEUVERS** to reduce the risk of loss of control, ejection, and collision. This is a high performance boat- not a toy. Sharp turns or

5

jumping wakes or waves can increase the risk of back/spinal injury
(paralysis), facial injuries, and broken legs, ankles, and other bones.
Do not jump wakes or waves.

. . .

**DO NOT APPLY THROTTLE WHEN ANYONE IS AT REAR
OF PWC-** turn engine off or keep engine at idle.  Water and/or debris
exiting jet thrust nozzle can cause severe injury.

17.    As a result of the incident, Leffler filed the Underlying Claim with

Camp Alamisco.

18.    In response to the Underlying Claim, on April 19, 2011, counsel for

Camp Alamisco sent a letter to St. Paul UMC's carrier, "calling on St. Paul UMC

and/or insurers to indemnify and defend [Camp Alamisco] from any and all claims

asserted by Ms. Hackaday. . ." pursuant to the indemnity language of the Camp

User Rental Agreement.

19.    For the reasons and grounds stated more specifically below, St. Paul

UMC asserts that Camp Alamisco is not entitled to indemnification of the

Underlying Claim.

20.    An actual controversy exists between St. Paul UMC and Defendant

Camp Alamisco, and by the terms and provisions of Rule 57 of the *Federal Rules*

*of Civil Procedure* and 28 U.S.C. §§ 2201 and 2202, this Court is invested with

the power to declare the rights and liabilities of the Parties hereto and to grant

such relief as it deems necessary and proper.

## GROUNDS FOR DECLARATORY JUDGMENT

21.     St. Paul UMC incorporates by reference all preceding paragraphs as if

fully stated herein.

22.     The Indemnity provision is ambiguous.

23.     To the extent the Underlying Claim is one for "negligence" against

Camp Alamisco's and/or its employee, Leffler, St. Paul UMC did not knowingly,

evenhandedly, or for valid consideration, enter into an agreement whereby it

agreed to indemnify Camp Alamisco or its employees for their own wrongs or

negligent acts.

24.     The purported Indemnification provision in the Rental Agreement

does not express, in clear unequivocal language, that St. Paul UMC would

indemnify Camp Alamisco or its employees from their own negligent acts.

25.     The Indemnity provision is void as against public policy.

26.     Camp Alamisco had exclusive control over the potentially hazardous

wave running-activity.  Enforcement of the Indemnification provision as to require

St. Paul UMC to bear the full burden of responsibility for the injuries to Hackaday

would be against public policy and totally at odds with the encouragement of

safety measures and one's incentive to exercise due care for potentially hazardous activities in one's control.

27. Even if there was a valid or enforceable agreement for St. Paul UMC to specifically indemnify Camp Alamisco for the wrongs of Camp Alamisco employees (which there is not), such would be unenforceable as to the intentional, reckless, or wanton conduct of the indemnitee.

28. Camp Alamisco, owner of the PWC, had exclusive control over the operation of the PWC by and through its employee, Leffler. Despite knowledge and notice though the PWC's Operator's Guide; Warning Labels; and State boating regulations; Camp Alamisco/Leffler intentionally, recklessly or wantonly (1) maneuvered the PWC in such an aggressive manner as to eject its riders, including Hackaday; (2) failed to adequately warn and/or require passengers on the PWC to wear a wet suit bottom or clothing that provides equivalent protection from water exiting the PWC's jet thrust; and (3) applied the PWC's throttle when Hackaday was at rear of PWC

29. The Indemnity provision is not enforceable as to *per se* illegal acts of the indemnitee.

30. Camp Alamisco, by and through its employee, Leffler, operated the PWC in violation of Alabama law regarding the safe operation of PWCs.

Specifically, Alabama law mandates that PWCs must be operated in a reasonable and prudent manner. It is illegal to operate a PWC in a way that endangers the life, limb, or property of others. *See* ALA. CODE §§ 33-5-50 and 33-5-70. Leffler has admitted that, as the PWC operator, she intentionally tried to "throw" Hackaday from the PWC. Accordingly, the Indemnity provision is not enforceable for Leffler's *per se* illegal conduct of endangering Hackaday.

31.     St. Paul UMC has no duty to defend or indemnify Defendant Camp Alamisco in the Underlying Claim.

WHEREFORE, Plaintiff St. Paul UMC respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A.     Declare that St. Paul UMC has no duty to defend Defendant Camp Alamisco in the Underlying Claim;

B.     Declare that St. Paul UMC has no duty to indemnify Defendant Camp Alamisco for any loss or damages arising from the Underlying Claim;

C.     Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Done this the 6th day of October, 2011.

Respectfully submitted,

James L. Sanders, II. (ASB-6199-A61J)
Joseph D. Jackson, Jr. (ASB-1964-P70J)
*Attorneys for Plaintiff St. Paul UMC*

**OF COUNSEL:**
**ESTES, SANDERS & WILLIAMS, LLC**
4501 Pine Tree Circle
Birmingham, AL 35243
(205) 949-5500
(205) 795-7366
joe@esw-law.com

*Serve Defendant via Certified Mail*:

Gulf States Conf. Ass'n. of Seventh-Day Adventists, Inc.
d/b/a Camp Alamisco
c/o Melvin K. Eisele
6450 Atlanta Highway
Montgomery Alabama 36117