IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT PAUL UNITED METHODIST CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:11-CV-873-WKW [WO] |
| GULF STATES CONFERENCE ASSOCIATION OF SEVENTH-DAY ADVENTISTS, INC., d/b/a CAMP ALAMISCO, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss, filed pursuant to Rule 12(b)(1) and Rule 12(b)(7) of the Federal Rules of Civil Procedure. (Doc. # 15.) Plaintiff filed a response in opposition to the motion. (Doc. # 16.) After careful consideration of the arguments of counsel and the relevant law, the court finds that Defendant's motion is due to be granted in part and denied in part.

## I.  BACKGROUND

Defendant Gulf States Conference Association of Seventh-Day Adventist, Inc. ("GSC") owns Camp Alamisco, which borders Lake Martin in Tallapoosa County, Alabama.  GSC offers Camp Alamisco for rent to churches and other groups.

Plaintiff Saint Paul United Methodist Church ("St. Paul") rented GSC's camp facilities for its 2010 summer retreat. The rental agreement contained both a contractual obligation of St. Paul to indemnify and hold harmless GSC in certain circumstances and a contractual obligation that required St. Paul to procure insurance for certain risks:

INDEMNIFICATION

User agrees to indemnify and hold Gulf States Conference Association of Seventh-day Adventists (or any of its employees, agents or officers) harmless against claims and liability of any kind (including any attorney fees and costs) arising out of injury or death to any person or persons or damage to any property occurring, in, upon or about the premises during user's occupancy or use.

INSURANCE

User [St. Paul] (at its expense) agrees to acquire and keep in full force during its use of the premises, comprehensive public liability and property damage insurance covering any and all claims for injuries to persons or property occurring in, upon or about the premises during user's occupancy or use. User shall furnish a complete copy of the insurance policy to Camp Alamisco.

(Rental Agreement, Ex. A. to Compl.)

Jenna Hackaday, a member of St. Paul, attended the summer retreat at Camp Alamisco. She was twenty-one years old at the time. One of the activities that GSC provided for St. Paul during the camp session was "wave running," which involved the use of personal watercraft ("PWC"). Ms. Hackaday participated in this activity.

2

On the day in question, Ms. Hackaday was the rear passenger on a three-passenger, Sea-Doo PWC, operated by a Camp Alamisco employee.  Engaging in horseplay, the camp employee maneuvered the PWC in an attempt to eject the passengers and succeeded.  When ejected into the water, Ms. Hackaday was thrown into the path of the PWC's jet propulsion nozzle, and a violent thrust of water caused severe injuries to Ms. Hackaday's vaginal and rectal cavities, including a ruptured ovary.

Ms. Hackaday has indicated that she intends to seek damages against GSC for her injuries.[1]  Invoking the indemnification provision of the rental agreement, GSC has demanded that St. Paul both defend and indemnify it from any claim asserted by Ms. Hackaday.  (Answer ¶ 18.)  In response, St. Paul filed this action seeking a declaration that it has no obligation of defense or indemnity on the basis that the indemnification provision of the rental agreement is unenforceable.  GSC has filed a motion to dismiss on grounds that this action is not ripe and that Ms. Hackaday is a necessary and indispensable party who has not been joined.

---

[1] In their briefing on the motion to dismiss, the parties represent that Ms. Hackaday has not yet filed a lawsuit.  (*See, e.g.*, Def.'s Mot. 2.)

3

## II.  DISCUSSION

**A.    <u>Ripeness</u>**

GSC's motion to dismiss challenges the ripeness of St. Paul's declaratory judgment action only as pertains to the allegations of a duty to indemnify, not the duty to defend.  This opinion is similarly focused.

A declaratory judgment should not be entered unless there is a "controversy 'ripe' for judicial resolution."[2]  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937) (concluding that the Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense").  Put a different way, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the

---

[2] Because ripeness pertains to a federal court's subject matter jurisdiction, it is appropriately analyzed under Rule 12(b)(1).  *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989) ("Ripeness is a question of subject matter jurisdiction.").

possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).[3]

Here, neither the pleadings nor the briefing on the motion to dismiss indicates that there has been a determination of liability in a court or other proceeding or that there has been a personal injury settlement of any claim. If this court were to enter a declaratory judgment in St. Paul's favor concerning the duty to indemnify, and Ms. Hackaday obtained no recovery from GSC, the declaratory judgment would be purely hypothetical and, thus, nothing more than an advisory opinion. St. Paul has not demonstrated or presented any authority that the ripeness concerns of the Declaratory Judgment Act are alleviated on this record.

St. Paul nonetheless argues that GSC will not suffer any prejudice by this court's exercise of jurisdiction and that a resolution in this court on the question of indemnity "could potentially expedite the resolution of [Ms.] Hackaday's claim." (Pl.'s Resp. 9.) Concerns pertaining to litigation expediency or an alleged absence of prejudice, however, cannot override the ripeness requirement of the Declaratory Judgment Act. Accordingly, it is appropriate to grant GSC's motion to dismiss with regard to St. Paul's declaratory judgment on the issue of its duty to indemnify GSC.

---

[3] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

This action proceeds, therefore, only on St. Paul's declaratory judgment with respect to the allegations of the duty to defend, as GSC has not challenged these allegations as presenting an unripe controversy.

**B.      Rule 19:  Necessary and Indispensable Parties**

GSC also moves to dismiss the complaint pursuant to Rule 12(b)(7) for failure of St. Paul to join Ms. Hackaday as a party.  A party may move to dismiss a complaint for "failure to join a party under Rule 19" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(7); *see also* Fed. R. Civ. P. 19.

Rule 19 requires a two-step process.  First, the court must determine whether the absent party is "necessary" under Rule 19(a).  Second, if the party is "necessary" and joinder is not feasible, the court must decide whether the party is "indispensable" under Rule 19(b).  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011).  Indispensability is gauged based upon Rule 19(b)'s list of factors for "determin[ing] whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

Tracking the language of Rule 19(a), GSC summarily argues that Ms. Hackaday is a necessary party because complete relief requires her presence.  *See* Fed. R. Civ. P. 19(a)(1)(A).  In similarly cursory form, GSC also contends that if Ms. Hackaday is not a party to this suit, the court's ruling may impair or impede her ability to protect

her interest or, alternatively, may cause GSC to incur inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii). (Def.'s Mot. 3.) GSC has framed its arguments solely as conclusions, with no elaboration, and, thus, the bases for its conclusions are not clear.

It is difficult to imagine why complete relief cannot be accorded in Ms. Hackaday's absence. St. Paul and GSC are the only parties to the rental agreement that contains the indemnity provision. GSC has not argued that Ms. Hackaday has any contractual rights stemming from rental agreement, nor is there any indication from the record that Ms. Hackaday has sought any rights under that agreement. If St. Paul prevails in this action, GSC has not explained how Ms. Hackaday's absence would prevent the court from fashioning meaningful relief as between the contracting parties, and the court can discern no reason for so concluding.

GSC also focuses on Rule 19(a)'s considerations pertaining to the potential prejudice to the absent party (Ms. Hackaday) or to an existing party (GSC). *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). As explained by the Ninth Circuit, however, these considerations "are contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983); *see also United States v. Janke*, No. 09-14044, 2009 WL 2525073, at *4 (S.D. Fla.

Aug. 17, 2009) ("A prerequisite to the application of Rule 19(a)(1)(B) is that the absent party claim a legally protected interest in the subject matter of the ongoing suit.").  St. Paul has represented that Ms. Hackaday's counsel has known about this lawsuit since its inception, and points out that Ms. Hackaday has not sought to intervene in this lawsuit or otherwise asserted an interest.  Ms. Hackaday's apparent lack of interest in this litigation undermines GSC's argument that Ms. Hackaday is a necessary party.  Because there has been no demonstration that Ms. Hackaday has asserted a legally protected interest in this action, the court need not examine whether any interest would be impaired or impeded or whether GSC would be subject to multiple, inconsistent obligations.  Indeed, the court declines to proceed further in the analysis based upon GSC's perfunctory arguments on this issue.

GSC also argues that Ms. Hackaday is a necessary and indispensable party based upon citation to opinions involving declaratory judgment actions brought by an insurer against its insured for a determination of the insurer's coverage duties to the insured in underlying potential or actual lawsuits brought by absent claimants against the insured.[4]  *See, e.g.*, *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540 (11th Cir. 2005).  St. Paul responds that the principles espoused in this line of

---

[4] It should be noted also that, although GSC asserts that Ms. Hackaday's joinder is required under Rule 19(b), GSC has not indicated whether the joinder of Ms. Hackaday would destroy the complete diversity necessary for federal jurisdiction.  GSC also has given no attention to the individual Rule 19(b) factors.

cases do not readily transfer to declaratory judgment actions that are not addressed to insurance coverage disputes.

In *American Safety Casualty Insurance Co.*, the Eleventh Circuit acknowledged that tort claimants are necessary and "indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.'" *Id.* at 542 (quoting *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682, 683 (5th Cir. 1974)). The Eleventh Circuit held, therefore, that the district court did not abuse its discretion in dismissing the insured's declaratory judgment action on the ground that the absent tort claimants were indispensable parties under Rule 19(b). *See id.* at 541–43.

The court declines to adopt GSC's wholesale analogy to legal principles applied in the insurance context, given that there exist notable factual and legal distinctions between insurance agreements and the type of contractual indemnity provision at issue. For one thing, *Ranger* arguably is distinguishable on its facts. There, because the insurance policy contained a direct action clause, the court concluded that a judgment in favor of the insurer would prejudice the absent claimants' interests. The claimants, for example, "would have to contend with the *stare decisis* effect of such a judgment, or they might be forced to litigate its effect on the direction action clause." *Ranger*, 488 F.2d at 683; *cf.* Ala. Code § 27-23-2 (providing that a tort

claimant, who has obtained a favorable judgment against an insured, has a direct action against the insured's insurer "to reach and apply the insurance money to the satisfaction of the judgment").  Here, neither party has argued that a similar clause is at play with respect to the rental agreement at issue.  For another thing, the Eleventh Circuit has recognized, at least as concerns rules of contract interpretation, that indemnity contracts are not synonymous with insurance contracts and that, therefore, different rules govern insurance contracts.  *See Castleberry v. Goldome Credit Corp.*, 418 F.3d 1267, 1273 (11th Cir. 2005) ("While a policy of insurance, other than life or accident insurance, is basically a contract of indemnity, not all contracts of indemnity are insurance contracts; rather, an insurance contract is one type of indemnity contract." (citation and internal quotation marks omitted)).

The court need not decide how or to what extent principles of insurance law translate to the rental agreement's indemnity provision as pertains to the necessity of joining Ms. Hackaday as a party under Rule 19.  The sparse legal arguments offered by GSC are underdeveloped and provide insufficient reason to dismiss this lawsuit based upon Ms. Hackaday's absence.  On this record, the better course is to deny GSC's Rule 12(b)(7) motion.

### III.  CONCLUSION

Accordingly, it is ORDERED that Defendant's Rule 12(b)(1) motion to dismiss (Doc. # 15) is GRANTED, and that Plaintiff's declaratory judgment action on the indemnification issue is DISMISSED on as not yet ripe.

It is further ORDERED that Defendant's Rule 12(b)(7) motion to dismiss for failure of Plaintiff to join a necessary and indispensable party (Doc. # 15) is DENIED.

DONE this 28th day of September, 2012.

                        /s/ W. Keith Watkins
                CHIEF UNITED STATES DISTRICT JUDGE