IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SAINT PAUL UNITED METHODIST ）
CHURCH,                      ）
                             ）
        Plaintiff,           ）
                             ）
    v.                       ）   CASE NO. 3:11-CV-873-WKW
                             ）            [WO]
GULF STATES CONFERENCE       ）
ASSOCIATION OF SEVENTH-DAY   ）
ADVENTISTS, INC., d/b/a CAMP ）
ALAMISCO,                    ）
                             ）
        Defendant.           ）

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment (Doc. # 32), which the parties have fully briefed (Docs. # 36, 40).  Defendant seeks summary judgment on Plaintiff's claim for a declaratory judgment that under a rental agreement, Plaintiff has no duty to defend Defendant in an underlying state-court lawsuit.  Based upon careful consideration of the arguments of counsel and the relevant law, Defendant's motion is due to be denied.

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1332(a) and 2201.  The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.  *Id.*  A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).  If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists.  *Celotex*, 477 U.S. at 324.

## III.  BACKGROUND

Defendant Gulf States Conference Association of Seventh-Day Adventist, Inc. ("GSC") owns Camp Alamisco, which borders Lake Martin in Tallapoosa County, Alabama.  GSC rents Camp Alamisco to churches and other groups.

Plaintiff Saint Paul United Methodist Church ("St. Paul") rented GSC's camp facilities for its week-long 2010 summer retreat.  The Rental Agreement contractually obligated St. Paul to indemnify and hold harmless GSC in certain circumstances:

<u>INDEMNIFICATION</u>

User agrees to indemnify and hold Gulf States Conference Association of Seventh-day Adventists (or any of its employees, agents or officers) harmless against claims and liability of any kind (including any attorney fees and costs) arising out of injury or death to any person or persons or damage to any property occurring, in, upon or about the premises during user's occupancy or use.

(Rental Agreement, Ex. A to Compl.)  The Rental Agreement never mentions a duty to defend.

Jenna Hackaday, a member of St. Paul, attended the summer retreat at Camp Alamisco.  She was twenty-one years old at the time.  One of the activities that GSC provided for St. Paul during the camp session was "wave running," which involved the use of personal watercraft ("PWC").  Ms. Hackaday participated in this activity. On the day in question, Ms. Hackaday was the rear passenger on a three-passenger,

Sea-Doo PWC, operated by a Camp Alamisco employee.  Engaging in horseplay, the camp employee maneuvered the PWC in an attempt to eject the passengers and succeeded.  When ejected into the water, Ms. Hackaday was thrown into the path of the PWC's jet propulsion nozzle, and a violent thrust of water caused severe injuries to Ms. Hackaday's vaginal and rectal cavities, including a ruptured ovary.

After this incident, GSC made a demand for a defense and indemnification from St. Paul, even though at the time Ms. Hackaday had not brought a claim against GSC.  (Answer ¶ 18.)  St. Paul refused and filed this action against GSC on October 12, 2011, seeking a declaration that it had no obligation of defense or indemnity.

In an earlier opinion addressing GSC's motion to dismiss, the court dismissed St. Paul's declaratory judgment claim regarding the duty to indemnify on ripeness grounds.  (Mem. Op. & Order (Doc. # 19).)  That claim was not ripe because any duty to indemnify would arise only if GSC became legally obligated to pay damages to Ms. Hackaday.[1]  This action proceeds, therefore, only on St. Paul's declaratory judgment with respect to the allegations of the duty to defend.

---

[1] On July 17, 2012, after the filing of this lawsuit, Ms. Hackaday filed suit in the Circuit Court of Montgomery County, Alabama, against GSC for negligence, wantonness, and failure to warn, seeking recovery for the injuries she sustained from the PWC incident at Camp Alamisco. The parties have represented that this state-court case is pending.

4

## IV.  DISCUSSION

GSC argues that the Rental Agreement's *indemnity* provision requires St. Paul to defend it in the underlying action, but GSC never addresses the fact that the Rental Agreement does not contain a duty-to-defend provision.   Because the Rental Agreement does not embody an intent by the parties to impose on St. Paul a duty to defend, GSC's motion for summary judgment must fail.

The parties agree that any duty to defend would have to arise under their contractual agreement, which is the Rental Agreement.  "Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract."[2]  *Homes of Legend, Inc. v. McCollough*, 776 So. 2d 741, 746 (Ala. 2000).  "[A] court should give the terms of the contract their clear and plain meaning and should presume that the parties intended to do what the terms of the agreement clearly state."  *Brewbaker Motors, Inc. v. Belser*, 776 So. 2d 110, 112 (Ala. 2000).  At the same time, "[t]he court should not, under the guise of construction, make new contracts for the parties, nor should the court add to the terms of a contract words, terms, or conditions not contained in it."  *Estes v. Monk*, 464 So. 2d 103, 105

---

[2] The parties apply Alabama law, and the court will do the same.  The Rental Agreement contains no choice-of-law provision.

(Ala. Civ. App. 1985) (citing *John Hancock Mut. Life Ins. Co. v. Schroder*, 180 So. 327 (1938)).

For its argument that St. Paul owes it a defense, GSC relies on the Rental Agreement's *indemnity* provision, but St. Paul hits the nail on the head when it says "there is absolutely no mention of a duty to defend on the part of St. Paul" in the Rental Agreement.  (Pl.'s Summ. J. Resp. 9 (Doc. # 36).)  That fact resolves the case, at least on the arguments presented here.  The indemnity provision establishes the scope of claims and liability to which St. Paul's indemnification obligation attaches, but the duty to indemnify is separate and distinct from the duty to defend.  *See generally 42 C.J.S. Indemnity* § 3 (2013 supp.) (An "[i]ndemnitor's duty to defend a lawsuit against its indemnitee is totally independent from its obligation to indemnify in the event that a judgment is rendered."); *cf. Titan Indem. Co. v. Riley*, 679 So. 2d 701, 707 (Ala. 1996) (Hooper, Chief J., dissenting) ("It is well settled that an insurer's obligation to defend is separate and distinct from its obligation to indemnify." (collecting cases)).

The word "defend" appears nowhere in the Rental Agreement's indemnification provision.  Nor does any other provision of the Rental Agreement require St. Paul to defend GSC against claims arising out of personal injuries occurring at Camp Alamisco during St. Paul's use of the camp, and the court must

refrain from adding such a term.   St. Paul cannot be required to defend GSC in the underlying action if it has not contractually agreed to do so, and the "whole of the" Rental Agreement reveals no such agreement.   *Homes of Legend, Inc.*, 776 So. 2d at 746.

GSC's arguments focus on the scope of the duty to defend but ignore the threshold issue of whether the Rental Agreement even imposes a duty to defend on St. Paul.   GSC's arguments merely assume, without analysis, that the Rental Agreement does.   (*See* Doc. # 32, at 8 (St. Paul has "a duty to defend GSC under the indemnity provision").)   To the extent that GSC argues that the Rental Agreement's indemnity provision implies a duty to defend, that argument lacks support.   First, GSC relies on Alabama decisions interpreting liability insurance policies, but those cases are distinguishable on their facts.   In each of the liability policies at issue, the insurer's duty to defend either was expressly included in the policy or was undisputed.   *See, e.g., Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1008 (Ala. 2005) (express duty-to-defend provision); *Graham v. Preferred Abstainers Ins. Co.*, 689 So. 2d 188, 190 (Ala. Civ. App. 1997) (referencing the insurer's "obligation to defend" its insured).   Second, GSC cites no Alabama

decision, and the court has found none, that has implied a duty to defend based upon a contract provision requiring only a duty to indemnify.[3]

## V. CONCLUSION

The Rental Agreement, which includes no provision with respect to a duty to defend, does not impose on St. Paul a duty to defend GSC in the underlying action. GSC is not entitled to summary judgment, therefore, on St. Paul's claim seeking a declaratory judgment that St. Paul has no duty to defend GSC in the underlying action. Accordingly, it is ORDERED that GSC's motion for summary judgment (Doc. # 32) is DENIED.

DONE this 5th day of June, 2013.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Courts interpreting other states' laws have rejected similar arguments. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Travelers Ins. Co.*, 214 F.3d 1269, 1273 (11th Cir. 2000) (Under Florida law, "in the absence of an express statutory or contractual duty to defend, there is no such duty." (citation and internal quotation marks omitted)); *CSX Transp., Inc. v. Chi. & N. Western Transp. Co.*, 62 F.3d 185, 192 (7th Cir. 1995) (holding that there was no duty to defend where the indemnity clause of the contract did "not impose a duty to defend . . . as an aspect of the indemnification"); *Pac. Emp'r Ins. Co. v. Travelers Cas. & Sur. Co.*, 888 F. Supp. 2d 271, 279 n.6 (D. Conn. 2012) (noting that under Connecticut law, because the policy did not include "a duty to defend, such a duty [was] not implied by [the insurer's] duty to indemnify"); *Kaydon Acquisition Corp. v. Custum Mfg., Inc.*, 301 F. Supp. 2d 945, 958 (N.D. Iowa 2004) (Under Iowa law, "the duty 'to indemnify' does not expressly or impliedly include a duty 'to defend.'"); *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, No. 02cv6704, 2003 WL 21254253, at *6-8 (N.D. Ill. May 30, 2003) (finding that an agreement by one party to indemnify and hold harmless another party did not include an obligation to defend), *aff'd*, 353 F.3d 580 (7th Cir. 2003); *Agnew v. Bd. of Educ.*, No. 97cv5993, 1998 WL 792487, at *4 (N.D. Ill. Nov. 6, 1998) (noting that the plaintiff had "failed to cite any authority supporting his theory that indemnification is synonymous with the duty to defend").